IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-14-411 |
| WILLIAM HEGIE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

William Hegie is a 61-year-old federal prisoner who is serving a 120-month sentence for Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. § 846. (Judgment, ECF No. 166; Superseding Indictment, ECF No. 97.) Now pending is Hegie's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute). (ECF No. 456.) The Government opposes the motion. (ECF No. 489 *SEALED*.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, the motion is GRANTED.

### BACKGROUND

On March 25, 2015, William Hegie pled guilty to the sole count in the Superseding Indictment filed against him which charged with conspiracy to distribute and possess with intent to distribute cocaine. (Plea Agreement, ECF No. 151.) Hegie admitted that beginning in or about September 2012 and continuing through October 2014, he knowingly participated in a drug trafficking conspiracy that transported no less than 750 kilograms of

cocaine from Houston, Texas to Baltimore, Maryland. (Presentence Investigation Report ("PSR"), ECF No. 158 ¶¶ 6-7.) Hegie entered his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 151 ¶ 9.) Hegie and the Government agreed that a sentence of 120 months of imprisonment, the applicable mandatory minimum, was the appropriate sentence in this case. (*Id.*) At sentencing, this Court accepted the plea agreement and sentenced Hegie to the agreed-upon period of 120 months in the custody of the Bureau of Prisons. (ECF No. 166.) On August 7, 2020, Hegie filed a motion for compassionate release. (ECF No. 456.) Hegie seeks release on the grounds that his medical conditions place him at an increased risk of developing severe illness from the COVID-19 virus. Hegie's scheduled release date is May 28, 2023, and he becomes eligible for home detention on November 28, 2022. (ECF No. 456-1.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to

exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

I.   **Extraordinary and Compelling Reasons**

As an initial matter, the Government acknowledges that Hegie has exhausted his administrative remedies. (ECF No. 489 *SEALED* at 15-16.) Accordingly, this Court must determine whether he has demonstrated that "extraordinary and compelling" reasons support relief." 18 U.S.C. § 3582(c)(1)(A).

Hegie argues that his age, obesity, and asthma place him at an increased risk for severe illness due to COVID-19 such that release is appropriate. (Medical Records, ECF No. 489-3 *SEALED*.) As Judge Hollander of this Court has noted, "[n]umerous courts have found that, in light of the COVID-19 pandemic, serious chronic medical conditions . . . qualify as compelling reasons for compassionate release." *United States v. Cheese*, No. ELH-98-0259, 2021 U.S. Dist. LEXIS 25218, at *24 (D. Md. Feb. 9, 2021); *see also United States v. Brown*, No. ELH-01-377, 2020 U.S. Dist. LEXIS 176757, at *20 (D. Md. Sep. 25, 2020) (noting that "numerous courts have found . . . that severe obesity, and in particular a BMI above 30, qualifies as a compelling reason for compassionate release"); *United States v. Moore*, No. ELH-18-431, 2022 U.S. Dist. LEXIS 7632, at *32 (D. Md. Jan. 14, 2022) (recognizing that asthma which requires daily use of Albuterol can constitute a compelling reason for compassionate release).

In this case, the record reflects that Hegie is 65 inches tall and weights 192 pounds, which equates to a BMI of 31.9, well within the obese category. (ECF No. 489-3 at 24.) Moreover, Hegie is prescribed daily use of albuterol to treat his asthma. (*Id.* at 2.) At 61 years old, Hegie is also at increased risk of severe illness due to COVID-19. *Wise v. United States*, No. ELH-18-72, 2020 U.S. Dist. LEXIS 90431, at *17 (D. Md. May 20, 2020) (recognizing that individuals over 60 are in the most susceptible age group for severe COVID-related illness). In the months since he submitted his motion, Hegie has been vaccinated against the COVID-19 virus. (ECF No. 526.) "[T]he fact of vaccination does not defeat every underlying health condition that might otherwise render an individual eligible for compassionate release." *United States v. Moore*, No. ELH-18-431, 2022 U.S. Dist. LEXIS 7632, at *33 (D. Md. Jan. 14, 2022). Accordingly, this Court concludes that Hegie's medical conditions, in light of the conditions caused by the global pandemic, do constitute extraordinary and compelling reasons for compassionate release.

## II.     18 U.S.C. § 3553(a) Factors

Having concluded that Hegie has presented extraordinary and compelling reasons for relief, this Court must apply the factors found at 18 U.S.C. § 3553(a) to determine whether release is appropriate. The factors require this Court to evaluate (1) Hegie's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18

5

U.S.C. § 3553(a); *United States v. Bryant*, Crim No. 95-202-CCB, 2020 WL 2085471 at *4. On balance, these factors support release.

Hegie's offense was serious. He participated in a major drug trafficking conspiracy that resulted in hundreds of kilograms of cocaine entering the city of Baltimore. On the other hand, this Court is aware that Hegie has suffered from his own history of substance abuse. (ECF No. 158 ¶ 49.) At the time of this offense, Hegie had a limited criminal history. His only offense that scored points under the advisory guidelines was at 1993 narcotics conviction for which he served five years in federal prison. (*Id.* at ¶ 26.) This Court also notes that Hegie has taken advantage of programming in the Bureau of Prisons, where he is currently housed in a minimum security facility. (ECF No. 456-2.) The sentence Hegie has served will send a message that those who engage in drug trafficking will spend years in federal prison, no matter their age. In addition, Hegie will be closely monitored on supervised release. On balance, this Court concludes that the § 3553(a) factors support release.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 1st day of March 2022, that Defendant William Hegie's Motion for Compassionate Release (ECF No. 456) is GRANTED. Hegie's sentence is reduced to time-served, such that he is to be released from the custody of the Bureau of Prisons as soon as the terms of this Order can be implemented. Prior to his release from custody, the Bureau of Prisons is directed to place Hegie in quarantine for a period of 14 days. Upon completion of the 14-day quarantine period, the Bureau of Prisons shall forthwith release Hegie from custody. Hegie shall begin his five-year

period of supervised release with the additional condition that during the first 12 months he shall be placed on home detention with electronic home monitoring and shall reside in a location deemed appropriate by the United States Probation Office. Consistent with the Judgment in this case, Hegie shall report to the probation office in the district to which he is released within 72 hours of his release from custody. (ECF No. 166 at 3.) All other conditions of release remain the same.

_____/s/_____
Richard D. Bennett
United States District Judge